IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN BONNEAU,                                      6:15-cv-00152-KI

                   Petitioner,                                      ORDER

          v.

MARION FEATHER, Warden, FCI
Sheridan,

                   Respondent.

KING, Judge

     Petitioner is in the custody of the Bureau of Prisons (BOP)
pursuant to his conviction and revocation of supervised release in
*United States v. Bonneau*, 3:10-cr-00402-MO-1, CR 20 & 146.   His
release date is August 6, 2015.   Petitioner currently is confined
at FCI Sheridan awaiting trial on new charges in *United States v.*
*Bonneau*, 3:14-cr-00257-MO, which is set for trial on April 14,
2015.[1]

---

[1] A detention hearing was not held in 3:14-cr-00257-MO
because petitioner is confined pursuant to the judgments of
conviction and revocation of supervised release in 3:10-cr-
004020-MO-1.   *See* CR 22 (Minutes of Proceedings).

1 - ORDER

In the instant proceeding, petitioner seeks his immediate placement in a Residential Reentry Center (RRC) on the basis that, prior to his transfer from USP Lompoc to FCI Sheridan, he was scheduled to be released to the Northwest Residential Re-Entry Center in Portland, Oregon, on February 10, 2015.    Petitioner alleges that his RRC placement was cancelled by Missy Kallunki, the Manager of the Correctional Systems Department (CSD), on the basis that he could not be released to an RRC while confined in Oregon on a writ.

According to petitioner, "Kallunki is not involved in the consideration of an inmate for RRC, [but] merely facilitates the requests that are approved and ensures, inter alia, that the inmate leaving on the date scheduled is the correct inmate."    Habeas Petition at 4.    Petitioner complains that this unilateral decision was "solely on the whim of CSD Manager Kallunki who did not consider the factors of 18 U.S.C. Section 3621(b) in making her decision."    *Id.*

Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction is denied on the basis that (1) the court has yet to receive from petitioner the requisite $5.00 filing fee; (2) petitioner has not exhausted his administrative remedies and has not demonstrated that exhaustion should be waived; (3) Bureau of Prisons Program Statement 7310.04(10)(f) provides that inmates who have unresolved pending charges which will likely lead to

arrest, conviction, or confinement, shall not ordinarily participate in community correction programs; and (4) petitioner has failed to demonstrate a likelihood of irreparable injury or that an injunction is in the public interest given the fact that the pending criminal charges against petitioner have yet to be considered by correctional officials as part of an RRC placement decision. If this court were to order respondent to reconsider the cancellation of petitioner's RRC release date using the five criteria set forth in 18 U.S.C. § 3621,[2] it is likely that such placement would be denied based on Program Statement 7310.04(10)(f). *See Kurt v. Daniels*, 2007 WL 593575 \*3-\*4 (D.Or. Feb. 14, 2007) (upholding denial of RRC placement based on Program Statement 7310.04(10)(f)).

Accordingly, neither a mandatory temporary restraining order, nor a preliminary injunction is warranted. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008).

## CONCLUSION

Based on the foregoing, petitioner's motion for a temporary restraining order or preliminary injunction (CR 5) is DENIED. The briefing in this matter shall proceed in accordance with the court's expedited scheduling order (CR 3). However, this action

---

[2] *See Sacora v. Thomas*, 628 F.3d 1059, 1061-62 (9th Cir. 2010) (five factors of § 3621 govern RRC placement decision); 28 CFR § 570.22.

shall be dismissed for lack of prosecution if the $5.00 filing fee is not received by the court within 20 days of the date of this order.[3]

IT IS SO ORDERED.

DATED this _11_ day of February, 2015.

for _Malcolm F Marsh_
Garr M. King
United States District Judge

---

[3] The court notes that petitioner attached to his habeas petition a Request for Withdrawal of Inmate's Personal Funds indicating that he requested the BOP to send the $5.00 filing fee to the court. Habeas Petition (CR 1), Exh. C.

4 - ORDER